IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JIMMY E. SHAW,
MARK BARTLEY, and,
ADOLFO REYNOSO,

    Plaintiffs,

v.                                          Case No.: 5:19-cv-858

STIX TRUCKING, LLC,
and MARIO SAMANIEGO, JR.,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JIMMY E. SHAW, MARK BARTLEY, and, ADOLFO REYNOSO (sometime referred to collectively as "Plaintiffs") by and through their undersigned counsel, sue the Defendants, STIX TRUCKING, LLC, and MARIO SAMANIEGO, JR., and in support thereof allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. § 1337 and by

Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, STIX TRUCKING, LLC, has offices located in Bexar County, Texas.

## THE PARTIES

4. Plaintiff, JIMMY E. SHAW, is an individual who resides in Comal County, Texas, and worked for Defendants from approximately February 1, 2018 through November 1, 2018 as a driver and was paid at the rate of $200.00 per day plus $15.00 per hour for all hours worked beyond 5:00 p.m.

5. Plaintiff, MARK BARTLEY, is an individual who resides in Comal County, Texas, and worked for Defendants from approximately August of 2018 through June 21, 2019 as a driver and was paid at the rate of $200.00 per day, plus $15.00 per hour for all hours worked beyond 5:00 p.m.

6. Plaintiff, ADOLFO REYNOSO, is an individual who resides in Comal County, Texas, and worked for Defendants from approximately February 16, 2016 through February 22, 2018 as a driver and was paid at the rate of $200.00 per day, plus $15.00 per hour for all hours worked beyond 5:00 p.m.

7. Defendant, STIX TRUCKING, LLC, is a corporation formed and

existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Bexar County, Texas.

8. Defendant, MARIO SAMANIEGO, JR., is a resident of Bexar County Texas.

## COMMON ALLEGATIONS

9. Defendant, STIX TRUCKING, LLC, operates a company primarily engaged as a trucking company primarily engaged in the local delivery of construction and road materials to customers solely within the state of Texas and is an employer as defined by 29 U.S.C. § 203(d).

10. Defendant, STIX TRUCKING, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

11. At all times material to this complaint, Defendant, STIX TRUCKING, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

12. At all times material to this complaint, Defendant, STIX TRUCKING, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material hereto, Defendant, MARIO SAMANIEGO, JR.,

actively ran the business of Defendant, STIX TRUCKING, LLC, on a day-to-day basis and acted directly or indirectly in the interest of Defendant, STIX TRUCKING, LLC, in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work.

14. Plaintiffs were at all times material individually engaged in commerce as their work was directly related to the movement products and information in interstate commerce. Specifically, Plaintiffs hauled materials use in the construction of roads and highways.

15. Defendant, MARIO SAMANIEGO, JR., had the authority to hire and fire Plaintiffs and controlled Plaintiffs' rates of pay and methods of pay, schedules, and conditions of employment and was the Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

16. Defendants failed to act reasonably to comply with the FLSA.

17. Plaintiffs are also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **UNPAID OVERTIME WAGES**

18. During one or more weeks of Plaintiffs' employment with Defendants,

Plaintiffs worked in excess of forty hours.  Plaintiffs regularly worked from 6:00 a.m. until 7:30 p.m., five days per workweek while employed by the Defendants.

      19.    Throughout the employment of Plaintiffs, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rates of pay for each hour worked in excess of 40 in a workweek.  Defendants had knowledge of and approved such work being performed.

      20.    As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

      21.    The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

      WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment, jointly and severally, against Defendants for the following:

      a.    Unpaid overtime wages found to be due and owing;

      b.    An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

      c.    Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFFS**