UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JIMMY E. SHAW, MARK BARTLEY, §          No. 5:19–CV–858-DAE
ADOLFO REYNOSO, and JULIO    §
PEREZ,                       §
                             §
      Plaintiffs,            §
                             §
vs.                          §
                             §
STIX TRUCKING, LLC, and MARIO §
SAMANIEGO, JR.,              §
                             §
      Defendants.            §
_____

<u>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

The matter before the Court is Plaintiffs Jimmy Shaw, Mark Bartley,

Adolfo Reynoso, and Julio Perez's ("Plaintiffs") Motion for Partial Summary

Judgment.  (Dkt. # 12.)  Pursuant to Local Rule CV-7(h), the Court finds this

matter suitable for disposition without a hearing.  After careful consideration of the

memoranda in support of and in opposition to the motion, the Court, for the

following reasons, **GRANTS** the motion.

<u>BACKGROUND</u>

This suit arises from Plaintiffs employment as truck drivers with

Defendants Stix Trucking, LLC ("Stix") and Mario Samaniego, who ran the

business of Stix.  (Dkt. # 1.)  Plaintiffs were employed by Stix to haul materials

used in the construction of highways and roads.  (Id. at 4.)  On July 18, 2019, the

instant suit was filed.  (Dkt. # 1.)  Plaintiffs allege that Defendants are employers

under the Fair Labor Standards Act ("FLSA").  (Id. at 4.)  Plaintiffs' complaint

raises claims under the FLSA for Defendants' alleged improper calculation of their

regular rate of pay and overtime premium for hours worked in excess of forty

hours per week when they were employed as transportation workers for Stix.  (Id.)

On September 1, 2020, Plaintiffs filed the instant motion for partial

summary judgment.  (Dkt. # 12.)  On September 28, 2020, Defendants filed a

response in opposition.  (Dkt. # 14.)  On October 6, 2020, Plaintiffs filed a reply.

(Dkt. # 15.)

## LEGAL STANDARD

A movant is entitled to summary judgment upon showing that "there

is no genuine dispute as to any material fact," and the movant is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(a); see also Meadaa v. K.A.P.

Enters., L.L.C., 756 F.3d 875, 880 (5th Cir. 2014).  A dispute is only genuine "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving

party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating the

absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).  If the moving party meets this burden, the nonmoving party must

come forward with specific facts that establish the existence of a genuine issue for trial. Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013) (quoting Allen v. Rapides Parish Sch. Bd., 204 F.3d 619, 621 (5th Cir. 2000)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Hillman v. Loga, 697 F.3d 299, 302 (5th Cir. 2012) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

In deciding whether a fact issue has been created, the court must draw all reasonable inferences in favor of the nonmoving party, and it "may not make credibility determinations or weigh the evidence." Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012) (quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

DISCUSSION

Plaintiffs move for summary judgment on Defendants' affirmative defense that Defendants are exempt from the FLSA overtime pay requirements pursuant to the Motor Carrier Act ("MCA"). (Dkt. # 12.) Plaintiffs argue that their job duties did not include interstate travel or the expectation of being called

3

upon to engage in interstate travel.  (Id. at 2.)  Instead, according to Plaintiffs, their

principle duties while employed with Stix were to haul loads of dirt, gravel,

asphalt, used concrete debris, and other construction debris to and from various

locations solely within the state of Texas.  (Id.)

      The FLSA requires employers to pay employees at time-and-a-half for

any time worked in excess of forty hours per week.  See 29 U.S.C. § 207(a)(1).

Relevant here, the MCA exemption provides "that the FLSA's overtime

requirement shall not apply . . . to . . . any employee with respect to whom the

Secretary of Transportation has power to establish qualifications and maximum

hours of service pursuant to the provisions of section 31502 of Title 49 of the

MCA."  Allen v. Coil Tubing Servs., LLC, 755 F.3d 279, 283 (5th Cir. 2014)

(internal quotations and citations omitted).  In turn, § 31502 provides that the

Department of Transportation ("DOT") "may prescribe requirements

for . . . qualifications and maximum hours of service of employees of, and

standards of equipment of, a motor private carrier, when needed to promote safety

of operation."  49 U.S.C. § 31502(b)(2).  DOT may establish these requirements

for employees who meet the following criteria:

> (1) are employed by carriers whose transportation of passengers or
> property by motor vehicle is subject to his jurisdiction under section
> 204 of the [MCA] . . . and
>
> (2) engage in activities of a character directly affecting the safety of
> operation of motor vehicles in the transportation on the public highways

of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

29 C.F.R. § 782.2(a); see also Songer v. Dillon Resources, Inc., 618 F.3d 467, 471–72 (5th Cir. 2010) (discussing both statutory criteria).  Thus, for the MCA exemption to apply, employees must meet both of these requirements.  Barefoot v. Mid-Am. Dairymen, Inc., No. 93-1684, 1994 WL 57686, at *2 (5th Cir. Feb. 18, 1994) (per curiam) (unpublished).  "Exemptions under the FLSA are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption."  Songer v. Dillon Res., Inc., 618 F.3d 467, 471 (5th Cir. 2010).

To satisfy the first requirement—whether the employer is "subject to [the DOT's] jurisdiction," 29 C.F.R. § 782.2(a)—an employer "must be engaged in interstate commerce."  Songer, 618 F.3d at 472.  The MCA defines interstate commerce as commerce "between a place in . . . a State and a place in another State."  49 U.S.C. § 13501(1)(A).  However, this definition "has not been applied literally by the courts.  In fact, [the Fifth Circuit has] defined it as the actual transport of goods across state lines or the intrastate transport of goods in the flow of interstate commerce."  Songer, 618 F.3d at 472 (internal quotation marks omitted).

To satisfy the second requirement—whether the employees "engage in activities of a character directly affecting the safety of operation of motor vehicles . . . in interstate . . . commerce," 29 C.F.R. § 782.2(a)—"neither the name given to his position nor that given to the work that he does is controlling." 29 C.F.R. § 782.2(b)(2) (citing Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 707 (1947)).  Rather, "what is controlling is the character of the activities involved in the performance of [the employee's] job."  29 C.F.R. § 782.2(b)(2); see Levinson v. Spector Motor Serv., 330 U.S. 649, 674–75 (1947) (observing that "[i]t is the character of the activities rather than the proportion of either the employee's time or of his activities" that controls).

Here, there is no evidence before the Court that Plaintiffs performed services outside the State of Texas, or that they transported any goods across state lines.  Instead, the evidence indicates that Plaintiffs pick up and drop off material solely within the state.  In response to Plaintiffs' motion, Defendants do not make any argument or put forth any evidence that Plaintiffs do in fact perform services or transport goods across state lines or that Defendants' business is engaged in interstate transportation.  (See Dkt. # 15.)  Instead, Defendants misplace the burden, arguing only that Plaintiffs must first establish coverage under the FLSA

before the Court can consider the MCA exemption.  Defendants, however, have cited no case law for this proposition, and the Court has found none.[1]

Accordingly, given Defendants' lack of evidence in response to Plaintiff's motion for partial summary judgment, the Court finds that Defendants' have not met their burden, and that Plaintiffs' intrastate transportation of materials is not part of interstate commerce for purposes of the MCA exemption.  Therefore, Defendants are not exempt from the FLSA under the MCA, and Plaintiff's motion is **GRANTED**.

<u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgement.  (Dkt. # 12.)

**IT IS SO ORDERED.**

**DATED:** October 20, 2020, San Antonio, Texas.

_____
David Alan Ezra
Senior United States District Judge

---

[1] Furthermore, Plaintiffs may still be able to recover under the FLSA on an individual basis despite not having traveled across the Texas border.  <u>See</u> 29 C.F.R. § 782.7(a).